HOLLAND FURNACE CO., APPELLEE, *v.* SCHNEIDER ET AL., APPELLANTS.*

(No. 8583—Decided May 18, 1959.)

*Mr. Richard C. Pickett* and *Messrs. Bricker, Evatt, Barton & Niehoff,* for appellee.

*Mr. Mark McElroy,* attorney general, for appellant Bureau of Workmen's Compensation.

*Mr. Merrill D. Brothers,* for appellant Thelma Schneider.

O'CONNELL, J. Thelma Schneider is the widow of Owen Schneider who allegedly sustained a back injury in the course of his employment with the appellee, and who died three months later. The appellant Thelma Schneider filed her claim for death benefits with the Industrial Commission of Ohio within the time provided by law. On June 14, 1957, the Administrator of the Bureau of Workmen's Compensation disallowed the claim. However, on appeal to the Dayton Regional Board of Review, the decision of the Administrator was reversed and the claim was allowed. The Holland Furnace Company, the appellee, then perfected its appeal to the Industrial Commission of Ohio which affirmed the ruling of the Dayton Regional Board of Review. Meanwhile Thelma Schneider and her two minor children were being compensated in accordance with law.

Thereafter, the Holland Furnace Company filed its notice of appeal, its petition and its amended petition in the Common Pleas Court of Hamilton County. To the amended petition, the appellant Thelma Schneider filed a demurrer.

The question before this court is, "Has the Holland Fur-

*Motion to certify the record overruled, December 9, 1959.

nace Company, the employer, the right to an appeal from a ruling of the Industrial Commission of Ohio to the Common Pleas Court?'' For the answer to this question, we turn to Section 4123.519 of the Revised Code. The very first sentence of this section reads as follows: ''The claimant or the employer may appeal a decision of the Industrial Commission in any injury case, other than a decision as to the extent of disability, to the Court of Common Pleas of the county in which the injury was inflicted or in which the contract of employment was made if the injury occurred outside the state.''

There can be little doubt of the right of the appellee to appeal from the decision of the Industrial Commission in view of the clear wording of this statute. It is difficult to understand on what basis the appellant filed a demurrer to the amended petition. This court is of the opinion that it was clearly the duty of the Common Pleas Court to overrule the demurrer filed by the appellant, Thelma Schneider.

And, indeed, in the second paragraph of the syllabus in *State, ex rel. Federated Department Stores, Inc.,* v. *Brown,* 165 Ohio St., 521, 138 N. E. (2d), 248, the Supreme Court held that either a claimant or an employer may appeal from a decision of the Industrial Commission to the proper Common Pleas Court by referring to the language used in Section 4123.519, Revised Code.

The judgment of the Common Pleas Court is, therefore, affirmed, and the cause is remanded for further proceedings according to law.

*Judgment affirmed.*

Matthews, P. J., concurs.